*231 OPINION.
Murdock:
The issue before the Board is whether or not the petitioner is entitled to deduct $9,515 or any other amount from his taxable income in 1922 as a loss resulting from the sale of his former residence. The petitioner claims the right to a deduction under section 214 (a) (5) of the Revenue Act of 1921, which allows the deduction of “ losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, although not connected with the trade or business.”
Despite the petitioner’s testimony that he bought the lot and built the house expecting to make a profit, the evidence clearly indicates that this property was not acquired, improved, or developed as a transaction “ entered into for profit.” The petitioner’s business was successful, his financial success enabled him to satisfy the desire of his family for a home, and he bought a lot in the then best residential section of Pittsburgh. A fine home was built, improvements were made from time to time, and in 1918 and 1919 adjoining lots were purchased. He and his family lived in this house continuously from the date it was completed until after his wife died, when it was sold. Although the petitioner dealt in business real estate, he did not deal in residential property at any time. He made no effort to sell his home or to offer it for sale prior to August, 1922.
The petitioner, no doubt having in mind the case of Heiner v. Tindle, 276 U. S. 582, offered the testimony of several witnesses to prove that the value of the property on October 16, 1922, the date when it was first rented, was $78,000. This testimony consisted of the opinions of several dealers in real estate and others who were supposed to be expert in the matter. It appears from their testimony that there were no sales of similar property on or about October 16, 1922, which would support their opinions of value. We know, as a matter of fact, that four days after that date an offer of $60,000 for this property was made and finally accepted by the petitioner; There is nothing in the evidence to indicate that the value of the property had declined to the extent of $18,000 during those four days, nor is there anything in the record to indicate that the petitioner was forced to sell at less than the fair market value of the property. Under these circumstances we think the sale is more reliable evidence of the value on October 16th than the opinions of the experts, and we can not hold that the value of this property on October 16, 1922, was *232 any greater than the amount for which it was sold a short time thereafter. Andrews v. Commissioner, 38 Fed. (2d) 55. This being so, no loss could possibly result and further discussion as to whether Heiner v. Tindle, supra, applies is unnecessary.
Counsel for the petitioner also attempted to bring this transaction within section 214 (a) (6) of the Revenue Act of 1921, which provides for loss “ arising from fires, storms, shipwreck or other casualty.” We fail to see merit in this contention. See William J. Matheson, 18 B. T. A., 674, for a discussion of “ other casualty.’ ’
The respondent admits error in disallowing deductions claimed on account of the contributions to the Municipal Planning Association, in so far as the contributions do not exceed 15 per cent of net income.

Judgment will ~be entered wider Rule 50.